IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

MICHAEL SANDERS,                          §
                                          §
             *Plaintiff,*                  §          5:23-CV-00447-FB-RBF
                                          §
vs.                                       §
                                          §
CITY OF SAN ANTONIO, TEXAS,               §
JOSUE VALLEJO-MARTINEZ,                    §
                                          §
             *Defendants.*                 §
                                          §
                                          §

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

**To the Honorable United States District Judge Fred Biery:**

This Report and Recommendation concerns Plaintiff's Motion for Summary Judgment.
*See* Dkt. No. 31. All pretrial matters in this action have been referred for resolution, pursuant to
Rules CV-72 and 1 of Appendix C to the Local Rules for the United States District Court for the
Western District of Texas. *See* Dkt. No. 10. Authority to enter this recommendation stems from
28 U.S.C. § 636(b)(1)(B).

For the reasons set forth below, Plaintiff's Motion for Summary Judgment, Dkt. No. 30,
should be **DENIED.**

**Factual and Procedural Background**

This 42 U.S.C. §1983 action involves allegations of excessive force in connection with
the tasing of plaintiff Michael Sanders by off-duty San Antonio Police Department (SAPD)
Officer Vallejo-Martinez. On May 2, 2021, Sanders was enjoying his apartment complex's pool,
along with a group of friends and family members. *See* Dkt. No. 1 (Compl.) ¶12-14. Defendant
SAPD Officer Vallejo-Martinez, working in an off-duty capacity, was patrolling the complex as

a courtesy officer. When he came across Sanders and company, Officer Vallejo-Martinez requested that the group vacate the pool area because it was near the pool's closing time. *Id.* ¶14-16. Vallejo-Martinez then, according to Sanders, "approach[ed] the main pool gate and shine[d] his flashlight towards the group while yelling for them to pack their things and leave or they would be arrested for Public Intoxication." *Id.* ¶15.

 As Officer Vallejo-Martinez then opened and passed through the gate to the pool area, the live complaint explains, Sanders approached the officer wanting to ask, "why he was threatening arrest." *Id.* ¶18. Sanders' complaint explains that he continued to ask questions of Officer Vallejo-Martinez but received no response. *Id.* ¶¶18-21. But according to Vallejo-Martinez's version of events, Sanders was yelling loudly, while the officer could smell an odor of alcohol coming from him. Dkt. No. 31 (Resp.) Exb. 1. Officer Vallejo-Martinez states that Sanders was slurring his words and behaving angrily, while trying to provoke a fight with the officer. *Id.* When Officer Vallejo-Martinez moved to restrain Sanders, the officer alleges, Sanders moved his arms away multiple times and was resisting the arrest. *Id.* Sanders, in contrast, states that at no point "did [he] resist or fight Officer Vallejo-Martinez in any way." *See* Dkt. No. 30 (Mot.) ¶7. All agree that Vallejo-Martinez then deployed his taser, striking Sanders' chest. Compl. ¶25.

Sanders initiated this action on April 12, 2023, suing the City of San Antonio and Officer Vallejo-Martinez and alleging excessive force by Vallejo-Martinez and a municipal-liability claim against the City. *See* Compl. Plaintiff Sanders filed the present Motion for Partial Summary Judgment, seeking a finding that Officer Vallejo-Martinez is not entitled to qualified immunity as a matter of law. *See* Mot.

**Legal Standard**

The Court grants summary judgment if the movant shows there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56. To establish that there is no genuine issue as to any material fact, the movant must either submit evidence that negates the existence of some material element of the non-moving party's claim or defense, or, if the crucial issue is one for which the nonmoving party will bear the burden of proof at trial, merely point out that the evidence in the record is insufficient to support an essential element of the nonmovant's claim or defense. *See Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc) (citing, *inter alia*, *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)).

For a court to conclude that there are no genuine issues of material fact, the court must be satisfied that no reasonable trier of fact could have found for the nonmovant, or, in other words, that the evidence favoring the nonmovant is insufficient to enable a reasonable jury to return a verdict for the nonmovant. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). In making this determination, a court should review all the evidence in the record, giving credence to the evidence favoring the nonmovant as well as the "evidence supporting the moving party that is uncontradicted and unimpeached, at least to the extent that evidence comes from disinterested witnesses." *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 151 (2000). A court "may not make credibility determinations or weigh the evidence" in ruling on a motion for summary judgment, *id.* at 150, and it must review all facts in the light most favorable to the nonmoving party. *First Colony Life Ins. Co. v. Sanford*, 555 F.3d 177, 181 (5th Cir. 2009).

**Analysis**

The thrust of Plaintiff Sanders' Motion for Summary Judgment is that Officer Vallejo-Martinez is not entitled to qualified immunity as a matter of law because Vallejo-Martinez acted without discretionary authority during the episode when he tased Sanders. Qualified immunity protects government officials acting within their authority from individual liability "when their actions could reasonably have been believed to be legal." *Morgan v. Swanson*, 659 F.3d 359, 412 (5th Cir. 2011) (en banc). For a police officer or other government employee to establish qualified immunity, they must show, first, that their conduct was within the scope of their discretionary authority. *Sweetin v. City of Tex. City, Tex.*, 48 F.4th 387, 391-92 (5th Cir. 2022) ("To even get into the qualified-immunity framework, the government official must satisfy his burden of establishing that the challenged conduct was within the scope of his discretionary authority.") (internal quotations omitted). To determine whether an act was within the scope of the official's discretionary authority, the Court looks to state law. *Id*. Looking to that law and other authorities confirms Sanders' arguments are without merit and he is not entitled to summary judgment, as discussed further below.

A.    **Officer Vallejo-Martinez Had Authority to Arrest Sanders.**

Under Texas law and as a general matter, "a peace officer is a peace officer only while in his jurisdiction and when the officer leaves that jurisdiction, he cannot perform the functions of his office." *Martinez v. State*, 261 S.W.3d 773, 775 (Tex. App.—Amarillo 2008, pet. ref'd). But that does not end the inquiry. There are statutory exceptions to this jurisdictional limit that are directly on-point here.

Texas Criminal Code of Procedure Article 14.03 provides that "[a] peace officer who is outside his jurisdiction may arrest, without a warrant, a person who commits an offense within

the officer's presence or view, if the offense is a felony, a violation of Chapter 42 [concerning disorderly conduct and related offenses] or 49 [concerning intoxication and alcoholic beverage offenses], Penal Code, or a breach of the peace." *Nunez-Marquez v. State*, 501 S.W.3d 226, 233 (Tex. App.—Houston [1st Dist.] 2016, pet. ref'd) (citing Tex. Code Crim. Proc. art. 14.03(d)). Additionally, "a licensed city police officer outside city limits 'may arrest without warrant a person who commits an offense within the officer's presence or view,' other than a violation of the Rules of the Road." *Id*. (citing Tex. Code Crim. Proc. art. 14.03(g)).

Here, it is undisputed that at the time of the arrest and tasing, Officer Vallejo-Martinez was a licensed peace officer. Resp. at 7 (noting that Vallejo-Martinez is licensed under Chapter 1701 of the Texas Occupations Code as a peace officer of a municipality). Under Article 14.03, Vallejo-Martinez was therefore authorized to make an arrest while outside of his jurisdiction without warrant for any offense committed within his presence or view, except for some traffic offenses. *See* Tex. Code Crim. Proc. art. 14.03(g). Moreover, on a motion for summary judgment brought by the plaintiff, it is the defendant's version of the disputed facts that the Court must credit. *See, e.g.*, *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990) (noting that on summary judgment controverted evidence is viewed in the light most favorable to the non-movant). With the disputed facts concerning Sanders' actions viewed in a light favorable to Officer Vallejo-Martinez, it is plain that, at a bare minimum, there is a fact dispute concerning the officer's authority, as well as the objective reasonableness of his actions. Summary judgment for Sanders is therefore not warranted.

The Court's conclusion is not altered by Sanders' argument that Article 14.03 doesn't apply because Officer Vallejo-Martinez was enforcing house rules. *See* Mot. at 12. It is only in Sanders' version of events that Officer Vallejo-Martinez was enforcing house rules. According

to the officer's version of events, however, Sanders was publicly drunk and disorderly, and he further resisted arrest. This version of events is properly before the Court in the declaration provided by Officer Vallejo-Martinez. *See* Resp. Exb. 1 at 2 (Vallejo-Martinez Decl.). This is therefore a disputed fact matter. Indeed, Vallejo-Martinez arrested Sanders for public intoxication, an offense under chapter 42 of the Penal Code. *See id.*

Next, Sanders unavailingly argues that Officer Vallejo-Martinez's jurisdiction was limited by city ordinance. Sanders cites Chapter 25 of the San Antonio Code of Ordinances, stating that this ordinance "limits the duty of San Antonio Police Department officers to 'within city limits.'" Mot. at 11 (citing San Antonio, Tex., Code of Ordinances ch. 25, art. V, § 5-a). He argues that this ordinance, by describing the duties of officers while within city limits, in fact limits the extraterritorial arrest authority granted in Tex. Code Crim. Proc. 14.03. The Court believes Sanders intended to cite Article I of Chapter 25, and not Article V, which describes the policies for restricted entry access systems. In Article I, the Ordinance states:

> It shall be the duty of the police of the city at all times of the day and night, within the city limits, and the officers and members of the police force of the city are hereby empowered to specially preserve the public peace, prevent crime, detect and arrest offenders, suppress riots, mobs and insurrections, disperse unlawful and dangerous assemblages, and assemblages which obstruct the free passage of the public streets, sidewalks and plazas; to protect the rights of person and property, guard the public health; to preserve order at all the public meetings, assemblages, theaters and all places of public amusement or resort; to prevent confusion and regulate the movement of vehicles in the streets, highways and public places of the city; to remove all nuisances in the streets, plazas or highways of the city not otherwise provided for; to arrest all mendicants and beggars and all dangerous and suspicious characters, and all loafers and pimps; to assist, advise and protect strangers and travelers in the public plazas, streets and highways of the city, and to repress and restrain all unlawful and disorderly conduct or practices therein; and to enforce and prevent the violation of this Code and all laws of the state and ordinances of the city.

San Antonio, Tex., Code of Ordinances ch. 25, art. I, § 25-1.

By any plain reading of this ordinance, it describes officers' duties within city limits but does not state that those duties cannot extend beyond city limits, or that officers couldn't have any duties outside of city limits if directed by state law. To interpret this ordinance as Sanders advocates would require elevating it above state law, which makes little sense.

**B.     Officer Vallejo-Martinez Had Discretion When He Executed the Arrest.**

There is no merit to Sanders' argument that Officer Vallejo-Martinez was not performing a discretionary act when he arrested Sanders. Indeed, it is well established under Texas law that whether and how to execute an arrest are discretionary acts. [1]

Articles 14.03(d) and (g) rely, first and foremost, on an officer using discretion to determine whether there is an offense being committed. *See* Tex. Code Crim. Proc. art. 14.03(d) & (g). The statutes then both permit an officer to arrest a subject. *Id*. These are clearly discretionary acts, as is the use of force necessary to perform an arrest. *See* Tex. Penal Code § 9.51 (providing that authority to arrest carries with it authority to use reasonable force); *Dent v. City of Dallas*, 729 S.W.2d 114, 116 (Tex. App.—Dallas 1986, writ ref'd n.r.e.) (noting that an officer's decision regarding "if, how, and when to arrest a person" is discretionary). There is, therefore, simply no merit to Sanders' argument that Officer Vallejo-Martinez acted without discretionary authority when arresting Sanders. *See* Mot. at 13.

Moreover, the case cited in support of this unavailing argument, *Sweetin v. City of Texas City, Texas*, involved a city "permit officer," who handled ambulance permits, pursuing an

---

[1] *See Lancaster v. Chambers*, 883 S.W.2d 650, 654 (Tex. 1994) ("Under Texas law, a police officer's decision to arrest a suspect, including by force, is a discretionary act within the scope of his or her authority as peace officer.") (collecting cases); *Quinn v. Roach*, 326 Fed. Appx. 280, 289 (5th Cir. 2009) ("A number of Texas appellate courts have held that a police officer's . . . decision[s] concerning if and when to make an arrest[] are discretionary functions.") (collecting cases)*; see also Town of Castle Rock, Colo. v. Gonzalez*, 545 U.S. 748, 760-61 (2005) (finding that police officers always have discretion to arrest or not arrest, even when a police department has an official policy requiring arrest).

ambulance lacking a permit and detaining the two ambulance drivers until a fire marshal with citation authority arrived. 48 F.4th 387, 390-91 (5th Cir. 2022). The Court found that as a permit officer, the employee had no authority to perform any stops of any kind. *Id*. at 392. In obvious contrast, Officer Vallejo-Martinez is a licensed peace officer with discretionary authority to determine probable cause for arrest, and to perform an arrest. Reliance on *Sweetin* in this context is misplaced. *See, e.g*., *Town of Castle Rock,* 545 U.S. at 760-61 (recognizing that a Colorado statute could not divest police officers' discretion to arrest or not, and noting, "It is, the [United States Supreme] Court proclaimed, simply 'common sense that *all* police officers must use some discretion in deciding when and where to enforce city ordinances.'" (emphasis in original and quoting *Chicago v. Morales*, 527 U.S. 41, 62 n.32 (1999)).

### Conclusion and Recommendation

For the reasons discussed above, it is recommended that Plaintiff's Motion for Partial Summary Judgment, Dkt. No. 30, be **DENIED**.

### Instructions for Service and Notice of Right to Object/Appeal

The United States District Clerk shall serve a copy of this report and recommendation on all parties by either (1) electronic transmittal to all parties represented by attorneys registered as a "filing user" with the clerk of court, or (2) by mailing a copy by certified mail, return receipt requested, to those not registered. Written objections to this report and recommendation must be filed **within fourteen (14) days** after being served with a copy of same, unless this time period is modified by the district court. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Objections, responses, and replies must comply with the same page limits as other filings, unless otherwise excused by the district court's standing orders. *See* Rule CV-7. The objecting party shall file the objections with the clerk of the court, and serve the objections on all other parties. A party filing

objections must specifically identify those findings, conclusions, or recommendations to which objections are being made and the basis for such objections; the district court need not consider frivolous, conclusory, or general objections. A party's failure to file written objections to the proposed findings, conclusions, and recommendations contained in this report shall bar the party from a *de novo* determination by the district court. *Thomas v. Arn*, 474 U.S. 140, 149-52 (1985); *Acuña v. Brown & Root*, *Inc.,* 200 F.3d 335, 340 (5th Cir. 2000). Additionally, failure to timely file written objections to the proposed findings, conclusions, and recommendations contained in this report and recommendation shall bar the aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

       **IT IS SO ORDERED**.

SIGNED this 29th day of August, 2025.

RICHARD B.  FARRER
UNITED STATES MAGISTRATE JUDGE

9